OPINION JOURNAL ENTRY
Appellants have filed a motion seeking this Court to certify a conflict in its Opinion in this matter, dated February 13, 2002, with two other cases stemming from the Second and Tenth Appellate Districts. As our Opinion in this matter does not, in fact, conflict with these cases, Appellants' request must be denied.
Appellants strenuously urge in their motion that our underlying Opinion conflicts with both Goffe v. Mower (Feb. 5, 1999), Clark App. No. 98-CA-49, unreported, and Evans v. Wills (Dec. 27, 2001), Franklin County App. No. 01AP-422, unreported. In so doing, Appellants argue that Goffe
stands for the proposition that owners of recreational facilities cannot use the primary assumption of the risk doctrine if their negligence creates or enhances the risk of harm to a plaintiff. They claim thatEvans holds that this doctrine cannot be applied at all unless it is to a co-participant in a team-type sport. Thus, they claim that these holdings directly conflict with our own. A careful reading of the opinions in question reveals that no such conflicts exist.
We must note that the above arguments are not new to us. Appellants argued the identical issues before this Court on appeal. At pages 4 and 5 of our February 13, 2002, Opinion, we distinguish Goffe from the present matter. In Goffe, the plaintiff was injured when a child go-cart rider accidentally hit the gas pedal instead of the brake, ran into a series of parked carts forcing one into plaintiff's leg. Plaintiff had completed her ride and was departing the area. In Goffe, the court held that this was a recreational activity and plaintiff could expect the ordinary hazards in participating. Plaintiff should not expect, however, to be injured when she had finished her own participation in the activity through theunreasonably dangerous design of the unloading ramp itself.
It is apparent from the Opinion in the case at bar that nothing in the record revealed that the range was designed to present an unreasonablydangerous risk. We specifically held that it was to be expected that such a range would necessarily be fenced, to protect spectators and passers-by, and that one of the risks of a simulated golf shot, ". . . is that a ball may be hit incorrectly and veer off in any direction." Opinion at p. 14. Thus, the ball may have ricocheted off of the fence, a distance marker, a club house, or any other of the myriad obstacles which very well may be, if not on, at least close by a hitting range. Appellant urges that such a range must be cleared of all such obstacles, including rocks, but there is no evidence in the record that this is true, and in fact, there is ample evidence that some obstacles still exist. Appellant himself chose the tee closest to this protective fence.
Not only is there no evidence that the risk Appellant encountered was unreasonably dangerous for the sport, as we earlier pointed out when we distinguished Goffe in our underlying Opinion, but Appellant's attempt to claim a conflict exists in regards to Evans, supra, is also misplaced.
Evans relied solely on the "recreational exception" to the general rule of liability for negligence. Not once did the court address the issue as to whether primary assumption of the risk should apply. This is probably due to the set of facts presented by Evans: plaintiff was walking on a trail in a public park when an out-of-control bicyclist struck and injured her. Plaintiff was struck while properly using the "pedestrian" portion of the trail and was struck from behind. Thus, plaintiff in Evans
was clearly not subjected to an ordinary hazard of walking when she was struck. The court, in so holding, actually reaffirmed the Marchetti v.Kalish (1990), 53 Ohio St.3d 95, decision but held that it had no application to the facts before the court because the accident in question was not caused as result of a foreseeable hazard of the sport. Additionally, the court seems to hold that bicycling and walking are two different recreational activities to distinguish the Marchetti decision. While the court did discuss generally that Marchetti should only be applied to injuries caused by co-participants, this discussion was not fundamental to the court's decision.
Regardless, Appellant in the present matter was injured, not by a co-participant, but by his own action while actually participating in a recreational activity. This, alone, distinguishes it from Evans and why the issue of primary assumption of the risk was not involved in Evans. As the dicta in Evans indicates, that court felt that, rather than extendMarchetti's holding to owners and non-participants, those courts which so used Marchetti would have done better in using a primary assumption of the risk analysis. This dicta merely underscores the matter before us and in no way conflicts with the ultimate decision in Evans.
Based on all of the foregoing, Appellant's motion must fail. Finding no conflict in our underlying Opinion with the cases cited by Appellant, we overrule and deny the motion to certify.
Vukovich, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.